UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
WILLIAM POTTETTI,

                Plaintiff,                  **MEMORANDUM & ORDER**
                                              19-CV-4479 (PKC) (SMG)
      - against -

EDUCATIONAL CREDIT MANAGEMENT
CORPORATION,

                Defendant.
------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

On August 2, 2019, *pro se* Plaintiff William Pottetti initiated this action against Defendant Educational Credit Management Corporation ("ECMC"), requesting relief from Defendant's administrative garnishment of Plaintiff's wages. (*See* Complaint ("Compl."), Dkt. 1, at 4–5.)[1] In addition to alleging that Defendant's actions constituted a due process violation (*see id.* at 5), Plaintiff filed an amended complaint on August 22, 2019, incorporating[2] the initial complaint and adding allegations that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and the Uniform Commercial Code ("UCC"). (*See* Amended Complaint ("Am. Compl."), Dkt. 4,

---

[1] On August 5, 2019, this case was reassigned from the Honorable Allyne R. Ross to the undersigned. (Aug. 5, 2019 Order.)

[2] While an amended complaint normally "renders the original complaint of no legal effect," *Lucente v. Int'l. Bus. Machs. Corp.*, 310 F.3d 243, 260 (2d Cir. 2002), because Plaintiff's Amended Complaint specifically incorporates and refers to the allegations contained in his original Complaint, and given Plaintiff's *pro se* status, the Court considers these two pleadings together as the operative complaint in this matter. (*See* Am. Compl., Dkt. 4, at 2 ("Plaintiff wishes to maintain his previous allegations made in the original complaint and wishes to amend the pleadings solely for the purpose of adding additional allegations.").) *See Ortiz v. Berryhill*, No. 19-CV-171 (LGS) (DF), 2020 WL 4754934, at *3 (S.D.N.Y. July 15, 2020) (citing Fed. R. Civ. P. 10(c)), *report and recommendation adopted*, 2020 WL 4750643 (S.D.N.Y. Aug. 17, 2020).

¶¶ 1–8, 12, 18–20.) Currently before the Court is Defendant's motion to dismiss this matter for failure to state a claim upon which relief may be granted. (Defendant's Brief ("Def.'s Br."), Dkt. 8-2, at 5.) For the reasons set forth herein, Defendant's motion to dismiss is granted in full. The Court dismisses Plaintiff's federal claims on their merits, and dismisses Plaintiff's state law claims without prejudice and with leave to replead in state court.

## BACKGROUND[3]

Plaintiff filed this case seeking injunctive relief,[4] reimbursement of the money garnished from his wages, sanctions against Defendant, and dismissal of the alleged debt. (*See* Compl., Dkt. 1, at 5.) On September 12, 2019, Defendant moved for a pre-motion conference in anticipation of filing a motion to dismiss Plaintiff's Amended Complaint (Dkt. 7), which the Court denied as unnecessary (Sept. 25, 2019 Order). Defendant's motion to dismiss was then fully briefed on January 3, 2020. (Dkts. 8–10.) On May 1, 2020, the Court held a conference on the motion and ordered Defendant to supplement its motion to dismiss with respect to Plaintiff's constitutional

---

[3] For purposes of this Memorandum & Order, the Court assumes the truth of the non-conclusory, factual allegations contained within Plaintiff's Complaint and Amended Complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing, *inter alia*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Additionally, "in light of the liberal pleading standard applicable to *pro se* . . . complaints in this Circuit," the Court also draws some facts from Plaintiff's response to Defendant's motion to dismiss. *Briggs v. SCO Fam. of Servs.*, No. 16-CV-3882 (JFB) (SIL), 2019 WL 2359421, at *1 (E.D.N.Y. Feb. 13, 2019) (citation omitted), *report and recommendation adopted*, 2019 WL 1253220 (E.D.N.Y. Mar. 18, 2019); *see also Jackson v. Wells Fargo Home Mortg.*, No. 15-CV-5062 (PKC) (ST), 2019 WL 1376840, at *2 n.2 (E.D.N.Y. Mar. 27, 2019), *aff'd*, 811 F. App'x 27 (2d Cir. 2020).

[4] Plaintiff's initial filing included a motion for a preliminary injunction. (Compl., Dkt. 1, at 5.) On March 4, 2020, the Court noted Plaintiff's motion and directed Defendant to respond. (Mar. 4, 2020 Order.) Thereafter, on March 25, 2020, Defendant notified the Court that it had "suspended its administrative wage garnishment against Plaintiff on or about September 1, 2019," and consented to "not garnishing Plaintiff's wages until further notice." (Defendant's Response to Order to Show Cause, Dkt. 11, ¶ 1.) On March 26, 2020, the Court, following Defendant's consent, then granted Plaintiff's motion for a preliminary injunction while noting that Defendant preserved its arguments on the merits of the matter. (Mar. 26, 2020 Order.)

due process, FCRA, and UCC claims. (May 1, 2020 Minute Entry.) Defendant filed its supplemental brief on June 30, 2020. (Dkt. 12.) Plaintiff's supplemental response was due August 11, 2020, but Plaintiff failed to respond, and the Court thus considers this motion fully briefed.

At issue is Plaintiff's allegation that "[b]eginning in December 2018, without any notice or anyone contacting [him] by mail, in person, by telephone or by electronic mail, [his] wages were garnished from [his] paycheck." (Compl., Dkt. 1, at 4; *see also* Response to Defendant's Motion to Dismiss ("Pl.'s Resp."), Dkt. 9, at ECF[5] 3.) Plaintiff further alleges that he "did [not] even know the alleged debt existed" (Compl., Dkt. 1, at 4; *see also* Am. Compl., Dkt. 4, ¶ 9), and that, as a result of this wage garnishment, "a substantial portion of [Plaintiff's] income [was] deducted" (Compl., Dkt. 1, at 5).

## LEGAL STANDARD

In order to survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hogan v. Fischer*, 738 F.3d 509, 514 (2d Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a plaintiff's *pro se* complaint

---

[5] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

liberally and interpret it as raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McCray v. Lee*, 963 F.3d 110, 116–17 (2d Cir. 2020).

In considering a motion to dismiss for failure to state a claim, courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citations omitted). Additionally, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678; *see also Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013) ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." (internal quotation marks and citation omitted)). "Dismissal is appropriate when it is clear from the face of the complaint that the plaintiff's claims are barred as a matter of law." *Biocad JSC v. F. Hoffmann-La Roche*, 942 F.3d 88, 93 (2d Cir. 2019) (internal quotation marks, citation, and alteration omitted). A claim fails as a matter of law when the statute under which the complaint is brought does not provide a private right of action to enforce. *See Hill v. City of New York*, 136 F. Supp. 3d 304, 350–51 (E.D.N.Y. 2015); *Jacob's Vill. Farm Corp. v. Yusifov*, No. 14-CV-4109 (PKC) (MDG), 2015 WL 5693706, at *6–7 (E.D.N.Y. Sept. 28, 2015).

**DISCUSSION**

**I. Due Process Claim**

Central to Plaintiff's claim is the allegation that Defendant violated his due process rights when, in December 2018, it began garnishing fifteen percent of his wages. (*See* Compl., Dkt. 1, at 4–5 ("My paycheck was garnished and my due process rights were violated."); Pl.'s Resp., Dkt. 9, at ECF 4–5 ("ECMC's actions violated my due process provided by the Fourteenth Amendment

4

and Fifth Amendment to the United States Constitution.").)[6]  Specifically, Plaintiff alleges that Defendant failed to provide him with adequate notice of the debt and the opportunity to dispute the existence of any debt.  (*See* Compl., Dkt. 1, at 45.)  The Court finds that Plaintiff has failed to state a claim for relief.

It is true that "constitutional guarantees of procedural due process generally require 'that a deprivation of life, liberty, or property be preceded by notice and opportunity for a hearing appropriate to the nature of the case." *Knopf v. Esposito*, 803 F. App'x 448, 453 (2d Cir. 2020) (summary order) (quoting *Chase Grp. All. LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010)); *see also Lilakos v. New York City*, 808 F. App'x 4, 9 (2d Cir. 2020) (summary order) ("As a general matter, due process requires a state to provide a hearing before depriving a person of their property." (citation omitted)).  However, a due process claim raised under either the Fifth or Fourteenth Amendments may only be brought against a state actor or an entity whose conduct is "fairly attributable to the State." *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (footnote omitted); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982); *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 264 (2d Cir. 2014).

As the Supreme Court has explained:

> [S]tate action requires *both* an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," *and* that "the party charged with the deprivation must be a person who may fairly be said to be a state actor."

*Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (emphasis in original) (quoting *Lugar*, 457 U.S. at 937).

---

[6] Because Plaintiff appears to allege a due process violation under both the Fifth and Fourteenth Amendments (*see* Compl., Dkt. 1, at 5; Pl.'s Resp., Dkt. 9, at ECF 4–5), the Court interprets this claim as raising the strongest possible arguments under both amendments. *Erickson*, 551 U.S. at 94.  The analysis under both amendments is substantively "equivalent." *Zynger v. Dep't of Homeland Sec.*, 615 F. Supp. 2d 50, 55 n.5 (E.D.N.Y. 2009).

Applying this two-pronged framework, the Court begins with whether ECMC's alleged due process deprivation constituted an "exercise of some right or privilege created by the State." *Id.* (internal quotation marks and citation omitted). As a federally authorized guaranty agency (*see* Pl.'s Resp., Dkt. 9, at ECF 4) 34 C.F.R. § 682.200(b), Defendant's alleged wage garnishment does appear to qualify as such an exercise.[7] *See* 20 U.S.C. § 1095a (authorizing guaranty agencies such as Defendant to garnish wages); 34 C.F.R. § 682.410(b)(6) (mandating that such agencies "engage in reasonable and documented collection activities on a loan on which it pays a default claim filed by a lender," including through "administrative wage garnishment"); *see also Halzack Watkins v. Educ. Credit Mgmt. Corp.*, No. 10-CV-540 (MSD), 2011 WL 2015479, at *11 (E.D. Va. May 12, 2011) (finding that "ECMC, a private non-profit corporation, derive[s] its authority . . . directly from federal statute").

Next,

> in determining whether a particular action or course of conduct is governmental in character, it is relevant to examine the following: the extent to which the actor relies on governmental assistance and benefits; whether the actor is performing a traditional governmental function; and whether the injury caused is aggravated in a unique way by the incidents of governmental authority.

*Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 621–22 (1991) (internal citations omitted); *see also Elmasri v. England*, 111 F. Supp. 2d 212, 217 (E.D.N.Y. 2000). "A plaintiff complaining that the actions of a nominally private entity violated [his] constitutional rights makes this showing by demonstrating that 'there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'"

---

[7] The Court also notes that this finding tracks with Defendant's own characterizations of its authority. (*See, e.g.*, Def.'s Br., Dkt. 8-2, at 3 ("All activity by ECMC was performed in its capacity as a [Federal Family Education Loan Program] guarantor and pursuant to its duties thereunder.").)

*Grogan*, 768 F.3d at 264 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

Here, Plaintiff has made no allegations from which the Court can infer that Defendant's actions are governmental in nature. Plaintiff has not alleged that Defendant relies on "governmental assistance and benefits," performs a "traditional governmental function," or that the alleged injury was "aggravated in a unique way by the incidents of governmental authority." *See Edmonson*, 500 U.S. at 621–22 (citations omitted). Rather, the conduct challenged in this case is that of a private entity attempting to collect from a debtor. *See, e.g.*, *Halzack Watkins*, 2011 WL 2015479, at *8, 11 (finding that for due process purposes ECMC's wage garnishment does not constitute state action). In other words, although Defendant allegedly exercised a privilege afforded to it as a guaranty agency under the Federal Family Education Loan Program ("FFELP"), it cannot be said, at least on these facts, that Defendant operated as a governmental or State entity. *Cf. Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1932 (2019) ("[T]he 'fact that a business is subject to state regulation does not by itself convert its action into that of the State.'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 350 (1974))) (decided in First Amendment context).

Accordingly, Plaintiff's due process claims fail.

## II. Higher Education Act

Plaintiff also raises claims under the Higher Education Act ("HEA"), 20 U.S.C. §§ 1070 *et seq.*, for violations of the notice and hearing procedures set forth in 20 U.S.C. § 1095a. (*See* Pl.'s Resp., Dkt. 9, at ECF 3–4.) However, "[i]t is well-established that the HEA does not permit a private right of action for student borrowers of [FFELP] loans." *Konashenko v. Duncan*, No. 15-CV-2354 (SJF) (SIL), 2016 WL 4543793, at *5 (E.D.N.Y. July 20, 2016), *report and*

*recommendation adopted*, 2016 WL 4544037 (E.D.N.Y. Aug. 31, 2016); *see also Sanon v. Dep't of Higher Educ.*, 453 F. App'x 28, 29 (2d Cir. 2011) (summary order), *as amended* (Nov. 8, 2011).

"Instead, the HEA reserves all enforcement activity to the Secretary of Education." *Sanon v. Dep't of Higher Educ.*, No. 06-CV-4928 (SLT) (LB), 2010 WL 1049264, at *8 (E.D.N.Y. Mar. 18, 2010) (citing 20 U.S.C. §§ 1070(b), 1082(a)(2), 1082(h)), *aff'd*, 453 F. App'x 28; *see also Arroyo v. Solomon & Solomon, P.C.*, No. 99-CV-8302 (ARR), 2001 WL 1590520, at *4 (E.D.N.Y. Nov. 16, 2001) (noting that the HEA only allows a "private right of action to vindicate rights under the HEA" for "suits directly against the Secretary of Education" (citing 10 U.S.C. § 1082(g)(2))). Accordingly, a borrower such as Plaintiff must first pursue the available administrative remedies, including an "appeal directly to the Secretary of Education," before seeking judicial review. *Ogunmokun v. Am. Educ. Servs./PHEAA*, No. 12-CV-4403 (RRM) (JO), 2014 WL 4724707, at *4 (E.D.N.Y. Sept. 23, 2014). Plaintiff does not allege that he has pursued any available administrative remedy, and he has not named the Secretary of Education as a Defendant in this matter. Plaintiff's HEA claims are dismissed.

### III. Fair Debt Collection Practices Act

In Plaintiff's amended complaint, he alleges a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* (*See* Am. Compl., Dkt. 4, ¶¶ 12–18, 20–21 (invoking 15 U.S.C. §§ 1692a and 1692g, and asserting general FDCPA violations).) The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Claims under the FDCPA require a showing that "(1) [the plaintiff] has been the object of collection activity arising from consumer debt, (2) the defendant is a debt

8

collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Johnson-Gellineau v. Steine & Assocs., P.C.*, No. 16-CV-9945 (KMK), 2018 WL 1605574, at *10 (S.D.N.Y. Mar. 29, 2018) (internal quotation marks and citation omitted); *see also Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346, at *3 (E.D.N.Y. Feb. 9, 2015) (same).

Construing Plaintiff's FDCPA claim "liberally," *Coburn*, 2015 WL 520346, at *3, Plaintiff still "fails to include allegations against . . . the defendant[] that would fall within the purview of FDCPA proscriptions," *Sullivan v. IStoreGreen, LLC*, No. 16-CV-1801 (ENV) (RLM), 2016 WL 10571895, at *3 (E.D.N.Y. Oct. 14, 2016). Notwithstanding Plaintiff's apparent questioning of whether he in fact owes any debt (*see* Am. Compl., Dkt. 4, ¶¶ 13–17; Pl.'s Resp., Dkt. 9, at ECF 5), Plaintiff satisfies the first element of a FDCPA claim in that he does allege he has been the object of collection activity (Compl., Dkt. 1, at 4–5 (alleging Defendant's administrative garnishment of his wages)). However, because Plaintiff's allegations, even liberally construed, do not include facts supporting the legal conclusion that Defendant is a debt collector under the FDCPA, this claim fails as a matter of law.[8]

"The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "As a general matter, creditors are

---

[8] Because the Court finds that Plaintiff's FDCPA claim fails to sufficiently allege that Defendant is a debt collector under the FDCPA, the Court need not reach the question of whether Defendant has "engaged in an act or omission prohibited by the FDCPA." *Johnson-Gellineau*, 2018 WL 1605574, at *10 (citation omitted); *see also Feldman v. Sanders Legal Grp.*, 914 F. Supp. 2d 595, 599 (S.D.N.Y. 2012) ("[A] defendant can only be held liable for violating the FDCPA if [it] is a 'debt collector' within the meaning of the Act.").

not subject to the FDCPA." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). Additionally, there are several exceptions to this definition, including:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity [] is incidental to a bona fide fiduciary obligation . . . [or] concerns a debt which was not in default at the time it was obtained by such person[.]

15 U.S.C. § 1692a(6)(F).

Although Plaintiff refers to Defendant as a "collection agency" and "debt collection company" (Am. Compl., Dkt. 4, ¶¶ 9, 13, 21), Plaintiff does not set forth a factual basis for legally categorizing Defendant as a statutorily-defined "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6). The act of garnishing wages, or "collection activity," does not by itself make an entity a debt collector under the FDCPA. Based on Plaintiff's non-conclusory factual allegations, the Court does not have sufficient grounds to infer that Defendant's "principal purpose" is debt collection, or that Defendant "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see also Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 61 (2d Cir. 2004) (naming these features as "two alternative predicates for 'debt collector' status" under the FDCPA).[9] Finally, Plaintiff does not allege that Defendant acquired the loan when it was already in default. *See Herrera v. Navient Corps.*, No. 19-CV-06583 (AMD) (VMS), 2020 WL 3960507, at *4 (E.D.N.Y. July 13, 2020) (dismissing FDCPA claim for failure to classify defendants as debt collectors where "plaintiff does not plead any facts that establish that [defendant] acquired the loan after it went

---

[9] Furthermore, even if Defendant satisfies one of these predicates, Defendant likely meets the fiduciary obligation exception outlined in 15 U.S.C. § 1692a(6)(F), though the Court need not reach that issue here. *See Allen v. United Student Aid Funds, Inc.*, No. 17-CV-8192 (VSB), 2018 WL 4680023, at *4–5 (S.D.N.Y. Sept. 28, 2018), *reconsideration denied*, 2019 WL 4686529 (S.D.N.Y. Sept. 26, 2019); *see also Lima v. U.S. Dep't of Educ.*, 947 F.3d 1122, 1125–27 (9th Cir. 2020).

into default" (citations omitted)); *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 303 (E.D.N.Y. 2016) (same), *aff'd*, 707 F. App'x 724 (2d Cir. 2017). Absent such an allegation, the Court can only infer that Defendant is acting in the role of a creditor collecting on its own behalf. *See Freeman v. Great Lakes Educ. Loan Servs.*, No. 12-CV-331 (MCR) (CJK), 2013 WL 2355541, at *6 (N.D. Fla. May 28, 2013) ("ECMC holds the debt, and stands in the shoes of the original holder. Accordingly, . . . ECMC is the creditor, and not subject to the FDCPA."); *Rutz v. Educ. Credit Mgmt. Corp.*, No. 11-CV-1421 (JM) (NLS), 2012 WL 78394, at *2 (S.D. Cal. Jan. 9, 2012) (dismissing FDCPA claim for the plaintiff's failure to classify ECMC as a debt collector where the plaintiff did not allege a debt was owed to a third party); *Rowe v. Educ. Credit Mgmt. Corp.*, 730 F. Supp. 2d 1285, 1289 (D. Or. 2010) (finding that ECMC was not a debt collector within the meaning of the FDCPA because it "stepped into the shoes" of the original lender and thus was more akin to a creditor).

Accordingly, Plaintiff's FDCPA claim is dismissed.

## IV. Fair Credit Reporting Act

Plaintiff also raises a claim seeking damages under the FCRA, alleging that "[i]f a creditor cannot validate a debt, they cannot collect the debt[,] or contact [him] about the alleged debt, and they are not allowed to report it under the [FCRA]." (Am. Compl., Dkt. 4, ¶ 19.) Plaintiff continues, "[s]ince this alleged debt was never appearing on [a] credit report, they presumably do not own or are [not] able to assert their right to collect on the alleged debt." (*Id.*) Even construing Plaintiff's somewhat cryptic allegations liberally, Plaintiff fails to state a cause of action under the FCRA, and therefore this claim must also be dismissed.

"Congress enacted the FCRA 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Jenkins v. LVNV Funding, LLC*,

No. 14-CV-5682 (SJF) (AKT), 2017 WL 1323800, at *10 (E.D.N.Y. Feb. 28, 2017) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)); *see also* 15 U.S.C. § 1681(b) (stating the purpose of the FCRA). Section 1681s-2(a) of the FCRA provides that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2(a)(1)(A). Because Plaintiff does not appear to allege that Defendant is a "consumer reporting agency" as defined under 15 U.S.C. § 1681a(f), the Court construes this claim as arising under § 1681s-2(b), which "imposes a duty on furnishers of information to investigate disputed information after receiving notice of a dispute concerning the completeness or accuracy of information from a consumer reporting agency." *Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008) (internal quotation marks, alteration, and citation omitted), *aff'd*, 360 F. App'x 255 (2d Cir. 2010); *see also Ogunmokun*, 2014 WL 4724707, at *7.

To prevail on such a claim, a plaintiff must show that "(1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in 'willful or negligent noncompliance with the statute.'" *Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 343–44 (E.D.N.Y. 2012) (quoting *Redhead v. Winston & Winston, P.C.*, No. 01-CV-11475 (DLC), 2002 WL 31106934, at *5 (S.D.N.Y. Sept. 20, 2002)).

Here, Plaintiff makes no allegations as to any interactions with Defendant disputing a credit report, and further, seems to assert that "this alleged debt [] never appear[ed] on [any] credit report." (Am. Compl., Dkt. 4, ¶ 19.) *See also Ogunmokun*, 2014 WL 4724707, at *8 (finding that plaintiff failed to state a cause of action under the FCRA where he "never allege[d] that he disputed information furnished to the credit reporting agencies"). Put another way, Plaintiff has failed to allege a harm caused by Defendant that makes his claim actionable under the FCRA. *See Burns*,

655 F. Supp. 2d at 250 (explaining that plaintiffs bringing FCRA claims "must present evidence of a causal relationship between the violation of the statute and the loss of credit, or some other harm" (citations omitted)).  Though Plaintiff claims that he is being harmed by the garnishment of his wages, he alleges no facts establishing that the garnishment is the result of Defendant reporting the debt to a credit reporting agency or the debt appearing on any credit report as to Plaintiff.

Accordingly, Plaintiff's FCRA claim is dismissed.

### V. Uniform Commercial Code

Perhaps the most enigmatic claim presented by Plaintiff is that of Defendant's alleged violations of the UCC.  (*See* Am. Compl., Dkt. 4, ¶¶ 1–8; Pl.'s Resp., Dkt. 9, at ECF 5–9.)  The Court construes Plaintiff's UCC claims as state law claims based on a theory that Defendant's administrative wage garnishment violates the UCC because there was no agreement between the parties.  (May 1, 2020 Minute Entry.)  *See, e.g.*, *In re Motors Liquidation Co.*, 777 F.3d 100, 103 (2d Cir. 2015) ("Recognizing that the first question—what is it that the UCC requires a secured lender to authorize— . . . presented a significant issue of [] state law.").  Having dismissed each of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over this remaining state law claim and dismisses it without prejudice for Plaintiff to bring in state court.  *See Clemens v. Moody's Analytics, Inc.*, 770 F. App'x 10, 12 (2d Cir. 2019) (summary order) ("If the District Court decides, after giving the parties notice and an opportunity to be heard, to decline supplemental jurisdiction over [the remaining state law] claims, it should dismiss them without prejudice[.]" (internal citation omitted)).

### VI. Leave to Amend

While the Court would ordinarily allow a *pro se* Plaintiff an opportunity to amend his complaint, *see Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014), it need not do so here.  Plaintiff

has already amended his complaint once, and it is clear from Plaintiff's submissions and colloquy with the Court at the May 1, 2020 conference that further attempts to amend the complaint would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (summary order) (noting that leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile). Plaintiff has had multiple opportunities to properly state his claims (*see* Am. Compl., Dkt 4; Pl.'s Resp., Dkt. 9), and "it does not appear that further opportunities to amend would allow Plaintiff to cure such significant defects," *Jackson*, 2019 WL 1376840, at *6. Given the largely settled case law discussed herein and the nature of Plaintiff's core complaint, the Court does not find that providing Plaintiff another chance to plead his case will resolve the pronounced factual deficiencies underlying this action.

## CONCLUSION

For all of the reasons contained herein, Defendant's motion is granted in its entirety, and this case is dismissed. The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 22, 2020
       Brooklyn, New York